UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KATHLEEN PARKER and ROGER B. PARKER                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07CV775-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, and JOHN DOES 1-10                                      DEFENDANTS

## ORDER FOR MEDIATION

It is hereby **ORDERED** that the parties to this case, including any counsel as set forth below, shall participate in the Court's special mediation program. It is emphasized at the outset that this mediation will be subject to Rule 408 of the Federal Rules of Evidence. In common language, that means that the mediation is only binding if a settlement is reached, and that any unsuccessful attempt to settle a disputed claim may not be introduced at a trial as evidence to prove or disprove liability. Evidence of conduct or statements made in settlement negotiations is likewise not admissible.

The expenses of the mediation will be paid by your insurance company. However, personal attendance at the mediation is mandatory, and a failure to appear on the scheduled date and at the scheduled time may result in the payment of the mediation costs by the absent party(ies). Any excuses for failing to attend must be approved by the Court in advance of the mediation.

The mediation will be conducted by a professional mediator. The mediator has discretion in the exact manner in which the mediation is conducted, but each party should expect, at a minimum, the following to take place:

1. The mediator will describe the procedures and ground rules covering each party's opportunity to talk, along with the confidentiality of the proceeding;

2. The mediator will discuss the order in which the parties will present their claims or responses;

3. The mediator will talk about the proper conduct and behavior all participants are expected to follow; indeed, the mediator is hereby empowered to contact the presiding United States Magistrate Judge as to any improper conduct, behavior, or any other issue that must be resolved in the course of the mediation;

4. The mediator may conduct a joint discussion of the claim, gathering facts and

getting clarification of issues;

5.  The mediator may engage in discussions with each party alone, also known as a caucus.  However, any opening demand that the Plaintiff makes shall be communicated to the insurance company only after the Plaintiff has had an opportunity to have an initial private caucus with the mediator.  The insurance company shall not initiate a settlement demand from a Plaintiff or any of his/her representatives.

It should be understood that the mediator does not render decisions; he/she guides settlement negotiations and acts as a facilitator to keep settlement discussions focused.  In other words, the mediator has no authority over any of the parties to decide the dispute.  The mediator may also have the parties negotiate the final terms of a settlement in a joint session.

It is helpful to prepare for the mediation in order to get the most out of participation in the mediation process.  As part of this preparation, it is important to keep in mind some of the purposes of mediation, which include the following:

1.  Defining and analyzing the issues involved in the dispute;

2.  Identifying needs and interests in settling the dispute;

3.  Prioritizing the issues in light of those needs and interests;

4.  Identifying the strengths and weaknesses of the case.

To be able to support legitimate proposed settlement demands, it is useful to have some basic information at the mediation, including the following:

1.  The limits of liability under the policy or policies sued upon;

2.  The amount of damage claimed under the policy or policies, separated by damage to structures and damage to contents;

3.  The amount that has been offered by the insurer, if any, for the damage claimed under the policies, separated by the amount (if any) offered for damage to structures, the amount (if any) offered for damage to contents, and the amount (if any) offered under any other applicable coverages;

4.  The nature of the claims, defenses, and any relevant issues.

The parties are entitled to bring any documentary or other material in support of or in defense to the claim.  This material shall **NOT** be furnished to the mediator in advance of the mediation, but may be considered at the mediation in evaluating and discussing the merits of the claims and defenses.  This material (or a brief description or summary

of it) includes the insurance policy, photographs, videos, estimates, bills, appraisal reports, engineering reports, itemizations, damage estimates, correspondence, or other relevant written evidence.  At a minimum, the Defendant shall be required to bring a copy of the insurance policy and the complete claim file to the mediation.

The mediation will have a basic time limit of no more than three hours unless, in the judgment of the mediator, substantial progress is being made toward settlement.  Each party shall attend the mediation.  In addition to one corporate representative, each Defendant shall be represented at the mediation by only one attorney.  The Plaintiff(s) may have an engineer, architect, adjuster, contractor, and/or attorney attend the mediation with him/her/them, but the mediator shall decide the number of persons who may appear or speak at any time during the mediation.

In the event a Defendant or its counsel does not have maximum settlement authority, each shall have immediate access, by telephone or in person, to an individual who is authorized to approve or decline proposed settlements.  Insurance company representatives shall have immediate access, by telephone or in person, to an individual who has authority to authorize settlements in an amount at least up to or beyond the policy limits of the insurance contracts that have been sued upon.  For the purposes of this Order, and because public telephones will not be available, the Court's prohibition against the use of cell phones in the United States Courthouse will be suspended, and counsel may communicate by these devices for any reason associated with the mediation.  No other communication or recording devices of any kind shall be allowed in the mediation.

This mediation shall take place in the Dan M. Russell, Jr. United States Courthouse, 2012 15th Street, Gulfport, Mississippi.  Arrangements for the mediation will be made by the American Arbitration Association, which is serving as the program administrator for the Court's mediation program.  Once those arrangements are made, the parties will be notified by the American Arbitration Association of the date of, time of, and room where the mediation is to take place.  The contact information for the American Arbitration Association is as follows (both phone numbers are toll free):

      Mari Corbett    888 774-6921

      Valerie Bagsby  877 790-2855

The mediation shall occur during one of the following weeks:  July 7, July 14, July 21, and July 28, 2008.

If the case does not settle at the mediation, all parties are encouraged to continue their own direct settlement efforts.  If a settlement is reached at the mediation, the agreement will be reduced to writing, and a form will be available for this purpose.

All parties are admonished to cooperate with the mediator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by

agreement of the parties.  In addition, a party's and counsel's failure to attend and participate in this mediation, without good cause, shall result in the imposition of appropriate sanctions.

      **SO ORDERED** this the 3rd day of June, 2008.

                                              s/ <u>L. T. Senter, Jr.</u>
                                              L. T. Senter, Jr.
                                              Senior Judge